IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO.: 16-CV-62071

| | |
|---|---|
| DENISE PAYNE, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARTEX FOOD SERVICES FLORIDA | ) |
| INC. a/k/a LA GRANJA RESTAURANT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff DENISE PAYNE (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendant MARTEX FOOD SERVICES FLORIDA, INC. a/k/a LA GRANJA RESTAURANT (**"Defendant La Granja"**) for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4. Plaintiff is a qualified individual under the ADA because she is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has cerebral palsy and uses a wheelchair to ambulate. Plaintiff has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist

6. Defendant La Granja is a Florida Profit Corporation having its main place of business in Broward County, Florida.

7. Defendant La Granja is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 6590 West Atlantic Boulevard, Margate, Florida 33063 (the "**Subject Premises**", "**Facility**", or "**Restaurant**").

## GENERAL ALLEGATIONS

8. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a restaurant.

9. As a place of public accommodation, Defendant is required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

10. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

11. Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

12. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

13. In or about July 2014, Plaintiff visited the Subject Premises to conduct business—i.e., eat—and encountered architectural barriers to access the Subject Premises.

14. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, she was subjected to discrimination by Defendant on the basis of her disability due to Defendant's ADA violations.

15. Plaintiff was not able to access, among other things, the entrance access and path of travel, access to goods and services or public restrooms at the Facility without encountering architectural barriers.

16. Plaintiff shall return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Facility.

17. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

18. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant if said violations are not corrected and made compliant.

19. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

20. Plaintiff desires to visit the Subject Premises again, not only to eat, but to assure herself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

21. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violation of and non-compliance with the ADA because she plans on returning to the Subject Premises in the near future.

22. Defendant has discriminated and continues to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

23. Defendant is in violation of the ADA and ADAAG are discriminating against Plaintiff as a result of the following violations:

### Entrance Access and Path of Travel

a. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty using the ramp as it was located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, and sidewalk. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

d.  The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

e.  The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

f.  The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

g.  The plaintiff could not use the lavatory as the required knee clearance was not provided. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG, whose resolution is readily achievable.

h.  The plaintiff could not use the toilet without assistance as the required grab bars were not provided. Violation: Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

i.  The plaintiff had difficulty using the toilet without assistance as it was mounted too close to the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

j.  The plaintiff could not enter the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance, violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

k.  The plaintiff could not enter the restroom without assistance as the required door hardware is not provided. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

    l.   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG, whose resolution is readily achievable.

24.    The discriminatory violations described herein may not be an exclusive list of Defendant's ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25.    By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

26.    By maintaining a place of public accommodation with ADA violations, Defendant deprived Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

27.    Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

28.    Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I - CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant La Granja for ADA Violations)

29.    Plaintiff re-avers and incorporates paragraphs 1–28 as if fully set forth herein.

30.    This action arises pursuant to the ADA.

31.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant because of the Subject Premises' existing ADA violations.

32.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

33.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

34.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

35.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DENISE PAYNE respectfully requests this Court issue a permanent injunction enjoining Defendant MARTEX FOOD SERVICES FLORIDA, INC. a/k/a LA GRANJA RESTAURANT from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 30th day of August, 2016.

Respectfully submitted,

By:   s/ Mario Lopez
     Mario E. Lopez, Esq.
     Florida Bar No. 98061
     Rafael Viego III, Esq.
     Florida Bar. No. 60967
     **JOMARRON LOPEZ**
     *Attorneys for Plaintiff* DENISE PAYNE
     4300 Biscayne Boulevard, Suite 305
     Miami, Florida 33137
     Telephone:  (305) 717-7530
     Facsimile:  (305) 717-7539
     E-mail:  mlopez@jltrial.com
     E-mail:  rviego@jltrial.com
     E-mail:  eservice@jltrial.com

MEL/lp
0456.011